IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RUSSELL CROWSON, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF DON ALLEN CROWSON, DECEASED                              PLAINTIFF

V.                              CASE NO. 4:23-cv-4112

JOHN DOE, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY;
MICHAEL KRAMM, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY; AND
THE CITY OF TEXARKANA, ARKANSAS,
A MUNICIPALITY                                              DEFENDANTS

## AGREED PROTECTIVE ORDER

The parties, through discovery, may produce private and sensitive information. In order to permit the parties adequate access to the records necessary to completely present this case herein, and, at the same time address privacy concerns, it is hereby, ORDERED, ADJUDGED and DECREED as follows:

1. This Order applies to all documents, whether stored in physical or electronic format, video and audio recordings, text messages, e-mails or any other information stored in reproducible form, that contains "confidential information" as defined herein.

2. As used in this Order, the singular or plural, and the masculine or feminine, shall be deemed to include the other whenever the context so indicates or requires.

3. "Confidential information," for the purposes of this order, includes, but is not limited to:

    a. social security numbers, home addresses, dates of birth, driver's license numbers, passwords, medical information and psychological information;

1

    b. any information produced by a party and declared by the party at the time of production to be confidential information. Materials that are being designated as confidential that do not fall into one of the specific categories named in Section 2(a) shall be stamped "confidential", or if Bates numbers are used, documents may be designated as confidential by Bates number in a letter. A party may oppose a confidentiality designation in writing within 14 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue and may move to remove the confidentiality designation if negotiations fail.

4. All confidential information provided hereunder shall be used for the purpose of this litigation and none of the confidential information may be used for any other purpose whatsoever. Moreover, neither the parties nor his/her/its counsel may utilize directly or indirectly the confidential information made available pursuant to this Order in any other complaint, administrative proceeding, or civil action.

5. All confidential information provided hereunder shall be retained in the custody of the party's counsel including his or her paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation.

6. Counsel may also provide copies of such confidential information to any of the named parties, paralegals, secretaries and other employees of counsel who are actively engaged in assisting counsel with this action, court personnel, witnesses who have an actual need to know the confidential information, and expert witness[es] retained by counsel for the purpose of prosecuting or defending the above styled cause, or persons frequently employed by such expert[s] whose review of the material is necessary for that party's litigation in this case. Upon the cessation of the need for the confidential information

provided in this paragraph, the party, person or entity in receipt of that information shall immediately return it to the counsel from whom it was obtained.

7. If confidential information is used during depositions, the depositions shall be treated as confidential in accordance with this Order. Any party wanting to designate a portion of a deposition as confidential should do so at the time of the deposition or within 14 days of the transcript being received.

8. To the greatest extent possible, documents containing confidential information shall be filed in a redacted form so that those portions of the document containing confidential information will not be visible to the public. The parties may request permission from the Court to file under seal any document, information, or deposition designated as confidential under this Order, or containing confidential information that cannot be practicably filed in a redacted form. If either party's motion is granted, the documentation will be clearly marked "confidential," filed under seal, and made available to the parties and court personnel only.

9. The parties, counsel and their staff and the retained expert witness/witnesses shall not in any manner, directly or indirectly, transfer confidential information provided hereunder or copies thereof, or communicate, orally or in writing, any of the confidential information contained in any materials to which this Order applies to any person or entity, except for those allowed by this Order.

10. Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated as confidential information to remove such from the application of this Order.

11. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order of this Court.

12. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Arkansas or Federal Rules of Civil Procedure, as applicable, or by any statute or other authority.

13. No information that would be required to be produced in response to a Freedom of Information Act request from a third party will be considered confidential information.

14. Confidentiality designations are to be made in good faith, and if the parties cannot agree on the designation, it will be the designating party's burden to provide confidentiality.

15. No later than six months after the conclusion of this litigation, including any appeals, the parties and the parties counsel shall destroy all confidential information, including any documents containing such confidential information.

**IT IS SO ORDERED**, this 7th day of October, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

APPROVED:
Michael Kramm, in his individual and official capacities, and the City of Texarkana, Arkansas
**SEPARATE DEFENDANTS**

M. Keith Wren, AR Bar No. 94107
Attorney for Separate Defendants
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: (501) 374-3484, ext. 163
EMAIL: mkwren@arml.org

AND

Russell Crowson, as Personal Representative of the Estate of Don Allen Crowson, Deceased
**PLAINTIFF**

Josh Hurst, AR Bar No. 2004016
EMAIL: josh@hurstlaw.org
Justin Hurst, AR Bar No. 2005021
EMAIL: justin@hurstlaw.org
Hurst, Morrissey & Hurts, PLLC
518 Ouachita Avenue
Hot Springs, AR 71901